**DARBY–LYNDE CO. v. ALEXANDER, Collector of Internal Revenue.**

No. 4097.

District Court, W. D. Oklahoma.

Sept. 25, 1930.

Gotwals, Gibson, Killey & Gibson, of Muskogee, Okl., for plaintiff.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

The plaintiff in its petition alleges that on January 1, 1926, it was the owner of certain producing and nonproducing oil and gas properties located in the state of Kansas, all of which were acquired subsequent to February 28, 1913, and on about July 1, 1926, sold said properties to the Darby Petroleum Company, a corporation, for an agreed price of $1,000,000, and received therefrom the entire purchase price, which, after the deductions from such purchase price as authorized by law, resulted in a taxable income to the plaintiff company in the sum of $752,285.96, which amount of taxable income was included in and accounted for in item No. 8 of the gross income as set forth in income tax return filed for the year 1926.

The plaintiff further alleges that, in making said income tax return for the calendar year of 1926, and after including the item realized from the sale of the oil and gas properties as set forth above, it reported and rendered a total income in the amount of $982,-395.58; that, in making said return, the plaintiff claimed certain deductions, the only one in controversy here being item 21, "Depletion of mines, oil and gas wells, timber, etc.," in the amount of $44,233.47; that included in said item was the amount of $42,-447.43 as depletion claimed for and on account of and out of the properties hereinbefore mentioned, which were sold on July 1, 1926; that such depletion so claimed was based and computed upon the proceeds received from actual sales of oil and gas produced from said properties; that, in computing the net income derived from all the operations of the plaintiff company, the total deductions amounted to the sum of $208,641.62, which, deducted from the gross income, left a net income for the calendar year of 1926, in the amount of $773,753.96, upon which amount the plaintiff computed the total amount of tax for the taxable year in the amount of $104,443.28.

Plaintiff further alleges:

That at all times hereinbefore set forth, the Revenue Act of 1926 was in full force and effect, and was applicable to the computation of the taxed liability of this plaintiff, and that section 204(c)(2), 26 USCA § 935(c)(2), for the allowance unto the plaintiff in lieu of depletion of 27½ per centum of the gross income from the property during the taxable year applies; said section being as follows: "In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph." And that, in computing the amount of taxable income for the calendar year 1926, the plaintiff inadvertently failed to compute the allowance as fixed by law, thereby resulting in an understatement of the deduction properly allowable to the plaintiff, and an overstatement of net income of the plaintiff company for the taxable year of 1926, and a proportionate overstatement of the amount of tax due thereon.

The plaintiff further alleges that, upon discovering said understatement of the amount of allowance for depletion, and consequent overstatement of the net income for said year, it filed an amended income tax return for said year of 1926, asking that it be permitted a deduction for depletion, on the basis of 27½ per cent. of the income derived from the sale of property and for the recovery of the tax so paid of $35,072.81.

The defendant filed its demurrer alleging said petition failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant.

The question involved in this demurrer is whether the amount received from the sale of oil and gas property may be taken into consideration in computing the allowance for depletion under section 204(c)(2) of the Revenue Act of 1926.

This demurrer has been carefully briefed both by counsel for the government and plaintiff, and, while their briefs consist more in learned arguments, based upon the history of this legislation, than upon any construction of a court of competent jurisdiction directly in point, the court is of the opinion that section 204, above cited, has reference to the in-

188

come derived from the property during the taxable year, and not from income derived from the sale of the property during the taxable year.

In Klein on Federal Income Taxation (1929), a most exhaustive and learned text on that subject, the author says, in discussing the above clause: "The income basis for computing depletion on oil and gas properties replaced the discovery value basis for 1925 and subsequent years, and the provision that depletion on the income basis shall not be less than the deduction would be if computed on the basis of the value at the basic date has no reference to discovery value. The deduction is not subject to any limitation because of the amount returnable as of any basic date, regardless of the amount of depletion previously sustained. It is not necessary, in order to take the deduction on the income basis, that any entry be made on the books or any amount charged off for depletion. Only the income derived from the oil and gas properties is to be considered in computing the amount of the deduction, and income arising from the sale of such properties is not a part of the income from the properties for this purpose."

The author, as a basis for this conclusion, cites Internal Revenue Bulletin, designated, "Bulletin 6—1," p. 19, under G. C. M. 1023, wherein the general counsel for the Bureau of Internal Revenue, in construing this act, said: "Income arising from the sale of oil and gas property or any interest therein, may not be taken into consideration in computing the allowance for depletion under section 204(c)(2) of the Revenue Act of 1926."

And also in Cumulative Bulletin 6—2, p. 21, in an opinion by the same authority, the same position is taken; also in Cumulative Bulletin 7—2, p. 115.

While these opinions from the Revenue Department are not conclusive upon the courts, they certainly are persuasive, and indicate clearly, not only the rulings of the Department, but in this case they indicate the theory which Congress had in mind at the time of the enactment of the legislation.

Aside from the foregoing, this court is of the opinion that a careful reading of the section involved in this case will show that the construction which has been placed upon it by the Revenue Department is the proper construction, and that gross income from property has a distinct meaning as compared to gross income from the sale of property.

The demurrer is sustained, and exception allowed plaintiff.